UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOSEPH C. DACIER,

        Plaintiff,

 -against-            1:17-CV-418 (LEK/CFH)

ROBERTA REARDON,

        Defendant.

## **DECISION AND ORDER**

**I. INTRODUCTION**

On April 14, 2017, Joseph Dacier commenced this employment discrimination action against Roberta Reardon, Commissioner of the New York State Department of Labor ("DOL"), pursuant to Title VII, 42 U.S.C. § 2000e *et seq*. Dkt. No. 1 ("Complaint"). Presently before the Court is Defendant's motion to dismiss. Dkt. Nos. 10 ("Motion"), 10-1 ("Memorandum"). Plaintiff opposes the Motion. Dkt. No. 13 ("Response"). For the reasons that follow, Defendant's Motion is granted in part and denied in part.

**II. BACKGROUND**

 **A. Factual Background**

Plaintiff is a "non-Hispanic" male who resides in Rensselaer, New York. Compl. at 1, 4.[1] Plaintiff began working for DOL in 1988, <u>id.</u> at 3, and he currently serves as "senior

---

[1] Because this case is before the Court on a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section. <u>Boyd v. Nationwide Mut. Ins. Co.</u>, 208 F.3d 406, 408 (2d Cir. 2000). Further, because Plaintiff is proceeding pro se, the Court construes his Complaint liberally. <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009); see also <u>Ibok v. Sector</u>, No. 05-CV-6584, 2006 WL 302336, at *1 n.1 (S.D.N.Y. Feb. 9, 2006) ("The Court may consider the factual allegations in plaintiff's Response to supplement those in his complaint because of the liberal standard afforded to the pleadings of pro se litigants.").

investigator in the Division of Wage Protection and Immigrant Services," Resp. at 1. Plaintiff applied for the position of "state monitor advocate" in 2010, 2012, and 2016. Compl. at 3; Resp. at 1–2. For this position, DOL requires: "a) Spanish language proficiency; b) Bachelor's Degree or better; c) six years' experience providing labor services and protections to farmworkers, including migrant farmworkers; and, d) one years' experience of program planning/administration." Compl. at 3. Plaintiff alleges he met all required qualifications for this position, but "[e]ach time the position became vacant in 2010, 2012, and 2016 [DOL] filled the position with Hispanic female candidates who had far fewer years of qualifying experience than the plaintiff." Id. at 3–4. Plaintiff alleges that these decisions constitute an "unlawfully discriminatory hiring pattern." Id. at 4. Plaintiff seeks monetary damages. Id. at 5.

### B. Procedural Background

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") sometime in 2016, and he received a right-to-sue letter on January 26, 2017. Compl. at 6; Mem. at 7. On September 17, 2017, Defendant moved to dismiss the Complaint. Mot. Defendant argues that (a) Plaintiff impermissibly sued Commissioner Reardon in this action; (b) the majority of Plaintiff's claims are untimely; and (c) he fails to state a cause of action under Title VII with regard to his timely claim. Mem. at 3–7.

### III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of the plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Where a court is unable to infer more than the possibility of misconduct based on the pleaded facts, the pleader has not demonstrated that he is entitled to relief, and the action is subject to dismissal. Id. at 678–79. Nevertheless, "[f]act-specific question[s] cannot be resolved on the pleadings." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (second alteration in original) (quoting Todd v. Exxon Corp., 275 F.3d 191, 203 (2d Cir. 2001)). Presented with "two plausible inferences that may be drawn from factual allegations," a court "may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible." Id.

**IV.    DISCUSSION**

Defendant raises two preliminary issues that must be addressed before reaching the merits of Plaintiff's claims. Mem. at 3, 6–7. First, Defendant is correct that Title VII generally "does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers." Littlejohn v. City of New York, 795 F.3d 297, 313 (2015) (citing Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014)). However, even though the Complaint names

Commissioner Reardon as the defendant, Plaintiff clearly attributes misconduct to DOL as an entity rather than Commissioner Reardon as his ultimate supervisor. E.g., Compl. at 4 ("[P]laintiff asserts that the NYS Dept. of Labor followed an unlawfully discriminatory hiring pattern in only filling this position with candidates who were Hispanic and female."); see also Resp. at 2 ("[C]ertainly the Plaintiff did not name the Defendant in her individual capacity as the person responsible for the alleged disparate treatment under Title VII."). Therefore, the Court will construe the Complaint as filed against DOL rather than Reardon and will direct the Clerk of the Court to alter the Docket accordingly. See Jackson v. N.Y.C. Transit, No. 05-CV-1763, 2005 WL 2664527, at n.1 (E.D.N.Y. Oct. 19, 2005) (holding that a complaint filed against the president of a union should be construed "as a claim against the union itself," "because the allegations contained in the complaint concern [the union] rather than any individual action by [the named defendant]").

Second, Defendant challenges the timeliness of some of Plaintiff's allegations, namely his allegations that Defendant failed to promote him in 2010 and 2012. Mem. at 6–7. A plaintiff bringing a Title VII claim in New York must file a complaint with the EEOC within three hundred days of the date on which the "alleged unlawful employment practice occurred." § 2000e-5(e)(1); see Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir. 1996) (stating that, because New York "has both antidiscrimination laws and an antidiscrimination agency," "the time period for filing claims with the EEOC is . . . 300 days") (internal citations and quotation marks omitted). Plaintiff filed his grievance with the EEOC sometime in 2016. Mem. at 7. Defendant correctly observes that allegations of misconduct occurring in 2010 and 2012 fall outside the 300-day limitations period. Id.

4

"When, as in this case, a plaintiff's allegations of discrimination extend beyond the 300-day limitations period, the nature of the claim determines what consideration will be given to the earlier conduct." Petrosino v. Bell Atl., 385 F.3d 210, 220 (2d Cir. 2004). For instance, the continuing violation doctrine provides that "if a plaintiff has experienced a continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Washington v. Cty. of Rockland, 373 F.3d 310, 317 (2d Cir. 2004) (internal citations and quotation marks omitted). However, "[i]t is well-settled that certain adverse employment practices such as . . . failure to promote . . . are discrete acts and cannot be considered as part of an ongoing pattern or policy of discrimination." Robles v. Cox and Co., Inc., 841 F. Supp. 2d 615, 628 (E.D.N.Y. 2012) (citing Mix v. Del. & Hudson Ry. Co., 345 F.3d 82, 89 (2d Cir. 2003)). Here, Plaintiff's allegations that Defendant failed to promote him in 2010 and 2012 for discriminatory reasons are "discrete acts" and are therefore time-barred. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("[D]iscriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Turning to the merits of Plaintiff's claim, under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." § 2000e-2(a)(1). In an employment discrimination action, the plaintiff bears the initial burden of proving, by a preponderance of the evidence, a prima facie case of discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506–10 (1993). To make out a prima facie case for failure to promote under Title VII, a plaintiff must allege:

5

> (1) that he is a member of a protected class; (2) that he applied for a promotion to a position for which he was qualified; (3) that he was rejected for the position; and (4) after this rejection, the position was filled by someone outside the protected class who was similarly or less well qualified than the plaintiff, or the employer kept the position open and continued to seek applicants.

Gordon v. City of New York, No. 14-CV-6115, 2015 WL 3473500, at *7 (S.D.N.Y. June 2, 2015).

However, at the motion to dismiss stage, "a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive." EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014). Rather, "it must at a minimum assert nonconclusory factual matter sufficient to [render its claims plausible]." Id. In particular, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015); see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) ("Title VII thus requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin.").

Plaintiff has satisfied that minimal burden here. His failure-to-promote case is straightforward. He alleges that he sought a promotion to state monitor advocate in 2016, as he had in 2010 and 2012. Compl. at 3. He alleges that, in 2016, Defendant hired a Hispanic woman with significantly less experience than he had. Id. at 3–4. He also alleges that Defendant hired similarly inexperienced Hispanic women in 2010 and 2012, id., and that Defendant did not

promote any non-Hispanic men to senior management positions between 2010 and 2017, Resp. at 1.

These allegations provide "plausible support to a minimal inference of discriminatory motivation." Vega, 801 F.3d at 84. Plaintiff's allegations suggest that he was qualified for the position for which he applied and that he did not receive the promotion because he is male and/or non-Hispanic. Such allegations satisfy Plaintiff's minimal burden at the motion to dismiss stage. See, e.g., Keaton v. State of Conn. Dep't of Rehab. Servs., No. 16-CV-1810, 2018 WL 1245728, at *2, 5 (D. Conn. Mar. 9, 2018) (denying motion to dismiss where plaintiff, an African-American woman with twenty-three years of experience, alleged that defendant promoted two less experienced Caucasian women instead of her). Therefore, Defendant's Motion is denied with respect to Plaintiff's failure-to-promote claim stemming from his 2016 application.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 10) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Plaintiff's Title VII failure-to-promote claims regarding events occurring in 2010 and 2012 are **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to **TERMINATE** Roberta Reardon as the Defendant in this action and **SUBSTITUTE** the New York State Department of Labor as the Defendant in her place; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	April 27, 2018
	Albany, New York

Lawrence E. Kahn
U.S. District Judge