UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH C. DACIER,

                              Plaintiff,

    -against-                                              1:17-CV-418 (LEK/CFH)

NEW YORK STATE DEPARTMENT OF
LABOR,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On April 14, 2017, Plaintiff Joseph Dacier commenced this employment discrimination action pro se against the New York State Department of Labor ("DOL" or "Defendant")[1] pursuant to Title VII, 42 U.S.C. § 2000 *et seq*. Dkt. No. 1 ("Complaint"). On September 7, 2017, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 10. On April 27, 2018, the Court dismissed two of Plaintiff's failure to promote claims for alleged discrimination that occurred in 2010 and 2012 but permitted his failure to promote claim for alleged discrimination that occurred in 2016 to proceed. Dkt. No. 14 at 4–7.

Now before the Court is Plaintiff's motion for summary judgment. Dkt. No. 55 ("Plaintiff's Summary Judgment Memorandum"). Defendant has cross-moved for summary

---

[1] Plaintiff originally named Roberta Reardon, Commissioner of the New York State Department of Labor, as the defendant in his Complaint, Dkt. No. 1, but this Court noted in a previous Decision and Order, that Plaintiff erred by doing so, and that DOL was the proper defendant. "However, even though the Complaint names Commissioner Reardon as the defendant, Plaintiff clearly attributes misconduct to DOL as an entity rather than Commissioner Reardon as his ultimate supervisor." Dkt. No. 14 at 3–4.

judgment, Dkt. No. 56 ("Defendant's Summary Judgment Memorandum"), and submitted a statement of material facts, Dkt. No. 59 ("Defendant's Statement of Material Facts"). For the reasons set forth below, Plaintiff's motion for summary judgment is denied, and Defendant's cross-motion for summary judgment is granted.

**II.    BACKGROUND**

The following facts are taken from Plaintiff's Complaint and Defendant's statement of material facts. Plaintiff has not filed a statement of material facts as required under Local Rule 56.1(a).

Plaintiff is a "non-Hispanic" male who resides in Rensselaer, New York. Compl. at 1, 4. Plaintiff began working for Defendant in 1988, id. at 3, as an Investigative Officer I in the Labor Standards Division, Def.'s SMF ¶ 6. In that capacity, Plaintiff was responsible for conducting payroll audits and interviews concerning wage and hour issues at various locations throughout the State of New York. Id. ¶ 7. In 2001, Plaintiff was promoted to the position of Investigator II, commonly known as Senior Labor Standards Investigator. Id. ¶ 8. His duties included those associated with the permit certification process for farm and industrial labor, as well as the training of other Labor Standards Investigators. Id. ¶ 9.

Plaintiff applied for Defendant's Employment Service Monitor Advocate ("ESMA") position when it became available in 2016. Id. ¶ 10. An ESMA works in Defendant's Agriculture Labor Program to ensure that migrant and seasonal farm workers ("MSFW") receive the same employment services as non-MSFW. Id. ¶ 11. ESMAs: (1) travel to farms to interview workers; (2) train employees who operate Defendant's local career centers; and (3) make recommendations to change or develop programs "that are within federal parameters." Id. ¶ 12. ESMAs also: (1) ensure that housing is maintained throughout the season in a manner consistent

with Defendant's requirements; (2) draft New York State's Outreach Plan; (3) meet with advocacy organizations; and (4) assure that the State complies with federal labor requirements. Id. ¶ 13.

After reviewing the application materials submitted by interested individuals for the ESMA position that became available in 2016, Defendant's personnel office determined that six candidates, including Plaintiff, met the minimum qualifications required for the ESMA position. Id. ¶ 14. Once information concerning the six candidates was forwarded to Defendant's Division of Immigrant Policies and Affairs ("DIPA") for further review, id. ¶ 15, four candidates, including Plaintiff, were selected to be interviewed for further consideration. Id. Three individuals conducted these interviews and noted their findings. Id. ¶ 16.

The resumes, letters, and recommendations concerning three of the four candidates were forwarded to the Deputy Commissioner of DOL for final review and selection following the conclusion of these interviews. Id. ¶ 17. The Deputy Commissioner had no knowledge of the age, race, or ethnicity of any candidate, id. ¶ 18, and Defendant did not request information regarding any candidate's ethnicity, race, or age any time during the application process. Id. ¶ 20. The Deputy Commissioner determined which of the three candidates would receive an offer and forwarded his recommendation to the Executive Deputy Commissioner. Id. ¶ 19.

After the interview process, Defendant concluded that the other candidates were more qualified for the ESMA position than Plaintiff. Id. ¶ 21. Defendant reasoned that these candidates were better qualified because they were more knowledgeable of "Employment Services" and had more recent experience with the laws and regulations relating to MFSW. Id.

Ultimately, the candidate selected for the position in 2016 was determined to be best qualified for several reasons. First, she was considered "far more qualified" than Plaintiff

3

"because she had run a program similar to DIPA in Michigan where she closely supervised" other individuals working in an ESMA capacity. Id. ¶ 22. Second, she was more familiar with the relevant federal labor laws and regulations than Plaintiff. Id. ¶ 23. Finally, unlike Plaintiff, she had experience implementing an entire state labor program, including the program that Defendant's ESMA was expected to administer. Id.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on January 26, 2017. Id. ¶ 24. He then filed suit in this Court on April 14, 2017. Dkt. No. 1. This Court dismissed two of Plaintiff's failure to promote claims in its September 7, 2017, Decision and Order. Dkt. No. 10.

Plaintiff's remaining claim relates to Defendant's choice to hire a different candidate for the ESMA position in 2016. In particular, Plaintiff claims that Defendant failed to promote him for this position because of his gender and national origin, predicated on the assertion that Defendant only hired "Hispanic female candidates who had far fewer years of qualifying experience" for such senior level positions. Def.'s SMF ¶ 31 (citing Compl. at 3–4).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see

4

also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In attempting to defeat a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "mere conclusory allegations, speculation, or conjecture," Fischer v. Forrest, 968 F.3d 216, 221 (2d Cir. 2020) (quoting Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996)), and must present more than a mere "scintilla of evidence" supporting its claims, Anderson, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of material fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Moreover, Local Rule 56.1(a) provides in relevant part, "Any motion for summary judgment shall contain a separate Statement of Material Facts . . . Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." L.R. 56.1(a).

## IV. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment in support of his position that Defendant violated Title VII by failing to promote him in 2016. However, Plaintiff's motion is riddled with procedural deficiencies.

First, Plaintiff has failed to submit a statement of material facts as required under Local Rule 56.1, see generally Pl.'s S.J. Mem. Local Rule 56.1(a) provides in relevant part, "Any motion for summary judgment shall contain a separate Statement of Material Facts . . . Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a *denial* of the motion." L.R. 56.1(a) (emphasis added). The Court is mindful that pro se litigants like Plaintiff are entitled to "special solitude" in certain circumstances. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). However, "As has often been recognized by both the Supreme Court and Second Circuit, even pro se litigants must obey a district court's procedural rules." Cusamano v. Sobek, 604 F.Supp.2d 416, 425–26 (N.D.N.Y. 2009). Furthermore, courts in this District have denied a pro se plaintiff's summary judgment motion when the pro se plaintiff failed to comply with L.R. 56.1(a). See A'Gard v. Locke, No. 914-CV-0613, 2016 WL 8735653, at *4 (N.D.N.Y. June 24, 2016), report and recommendation adopted sub nom, No. 914-CV-0613, 2016 WL 5137273 (N.D.N.Y Sep. 21, 2016); Reed v. McGrath, No. 919-CV-1203, 2021 WL 6750625, at *4 (N.D.N.Y. Dec. 22, 2021), report and recommendation adopted, No. 919-CV-1203, 2022 WL 252170 (N.D.N.Y. Jan. 27, 2022); see also Jackson v. Broome Cnty. Corr. Facility, 194 F.R.D. 436, 436 (N.D.N.Y. 2000) (Kahn, J.) ("Our District's requirements are not empty formalities.").

Second, on March 18, 2022, the Court issued a notice of deficiency notifying Plaintiff of his failure to sign his summary judgment motion, and gave Plaintiff until March 25, 2022, to file a signed copy. However, Plaintiff failed to do so until April 4, 2022. See Dkt. Entry dated April 4, 2022.

Third, Plaintiff's summary judgment motion does not comply with Rule 56(a) of the Federal Rules of Civil Procedure, because Plaintiff has not "[identified] each claim . . . on which summary judgment is sought." In Plaintiff's short memorandum, he fails to identify any claim for the Court to adjudicate, and instead only provides a facts section without referencing any arguments. Pl.'s S.J. Mem. at 1–3.

Fourth, Plaintiff's motion for summary judgment does not comply with Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure. In particular, Plaintiff does not include an argument section in his motion (or reference any statute or case law), and accordingly, fails to cite "to particular parts of materials in the record" to support his "assertions" of employment discrimination that allegedly occurred on May 5, 2016. See Pl.'s S.J. Mem. at 1–3. Plaintiff has not submitted *any* materials to support his allegations. Id. While Plaintiff's submissions as a pro se litigant "must be read to raise the strongest arguments that they suggest . . . arguments that the submissions themselves do not suggest" cannot be made on behalf of Plaintiff. Triestman, 470 F.3d at 477. Here, Plaintiff plainly does not make any arguments in his motion.

Although the Court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules," Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted), and "is ordinarily obligated to afford a special solitude to pro se litigants . . . particularly where motions for summary judgment are concerned," Sheindlin v. Brady, No. 21-CV-1124, 2022 WL 1063678, at *7 (S.D.N.Y. Apr. 7, 2022) (cleaned up), the

Court finds that when considering all of Plaintiff's procedural deficiencies, his neglect is not excusable. Plaintiff has failed to comply with Local Rule 56.1(a), Federal Rules of Civil Procedure 56(a) and 56(c)(1)(A) and did not meet this Court's deadline to correct his unsigned notice deficiency. As a result, the Court denies Plaintiff's motion for summary judgment.

### B. Defendant's Cross-Motion for Summary Judgment

Defendant has also moved for summary judgment, and argues that Plaintiff's remaining Title VII claim fails because he cannot establish a prima facie case of employment discrimination. Def.'s S.J. Mem. at 8.

To establish a prima facie case of discriminatory failure to promote under Title VII, a plaintiff ordinarily must demonstrate that: "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." Estate of Hamilton v. City of New York, 627 F.3d 50, 55 (2d Cir. 2010) (quotations omitted) (quoting Petrosino v. Bell Atl., 385 F.3d 210, 226 (2d Cir. 2004)), superseded on other grounds in Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102 (2d Cir. 2013). After a prima facie instance of discrimination has been identified, the burden shifts to the employer "to articulate some legitimate nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Here, Plaintiff satisfies the first three Estate of Hamilton factors. First, it is not contested that Plaintiff is a member of classes protected by Title VII—namely he is a male and a "non-Hispanic" individual. Dkt. No. 38 ("Plaintiff's Deposition") at 111, 113. Second, it is not disputed that Plaintiff applied and was at least minimally qualified for a job for which Defendant

8

sought applicants. See Pl.'s Dep. at 111–112; Def.'s SMF ¶¶ 15–17. Third, it is also uncontested that Plaintiff was rejected for the 2016 position for which he applied. See Pl.'s Dep. at 111–112.; Def.'s SMF ¶¶ 21–23.

However, Plaintiff's claim falters because it cannot satisfy Estate of Hamilton's fourth factor. Although the position remained open after Plaintiff was rejected, Defendant did not seek someone with Plaintiff's qualifications, but instead, sought candidates with *superior* qualifications. Def.'s S.J. Mem. at 10. Indeed, Plaintiff even concedes that he "could see why [the candidate who was selected] was hired," Pl.'s Dep. at 173–74, and that "I'm not going to say she was (sic) less qualified than me . . . maybe she was more qualified." Id. at 181. Moreover, Plaintiff also admitted that the successful candidate's prior experience overseeing a similar program at issue here rendered her "more qualified in certain areas" for the 2016 position. Id. at 168.

Because Plaintiff does not allege facts that give rise to an inference of discrimination, he is unable to establish a prima facie case of failure to promote discrimination. However, "even if, *arguendo*, the facts surrounding Plaintiff's" rejection "were construed as establishing prima facie discrimination, the burden would shift to Defendant to proffer some legitimate, non-discriminatory reason" for not hiring Plaintiff. Jaiyeola v. Carrier Corp., 562 F. Supp. 2d. 384, 389–90 (N.D.N.Y. 2008) (Kahn, J.). The Court finds that Defendant would satisfy this burden.

Here, Defendant's non-discriminatory reason for rejecting Plaintiff's application stemmed from the other candidates' superior qualifications. Defendant "found that the other candidates were more knowledgeable of Employment Services and had more recent experience with the laws and regulations." Def.'s S.J. Mem. at 12. Additionally, the candidate selected for the ESMA position in 2016 was determined to have been "far more qualified" than Plaintiff

9

"because she had run a program similar to DIPA in Michigan where she closely supervised" other individuals working in an ESMA capacity." Id. at 13. Defendant also argues, undisputedly, "the successful [applicant] was also more familiar with the federal laws and regulations, and had experience implementing an entire program, including the program that DOL's ESMA was expected to administer." Id.

Because Defendant fulfilled its burden by proffering this legitimate non-discriminatory reason for Plaintiff's rejection, Plaintiff would be afforded the opportunity to prove that the legitimate reason offered by Defendant was not its true reason, but rather a pretext for discrimination. Jaiyeola, 562 F. Supp. 2d. at 390 (citing Reeves v. Sanderson Plumbing Products, Inc. 530 U.S. 133, 143 (2000)). However, Plaintiff fails to offer any evidence that this non-discriminatory purpose was pretextual. See generally Pl.'s Dep. "Plaintiff's subjective belief that he was a better performer than his supervisor believed him to be is insufficient to prove pretext." Jaiyeola, 562 F. Supp. 2d. at 390 (quoting McLee v. Chrysler Corp., 109 F.3d 130, 135 (2d Cir. 1997)). Plaintiff even admits that he has "nothing to substantiate [the] allegation" that Defendant's hiring was pretextual. Pl.'s Dep. at 187–88. Accordingly, the Court concludes that there is no genuine dispute of material fact that Plaintiff's national origin or gender were not motivating factors in Defendant's failure to promote him. Thus, Defendant's summary judgment motion is granted.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 55) is **DENIED**; and it is further

**ORDERED**, that Defendant's Cross-Motion for Summary Judgment (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    November 9, 2022
          Albany, New York

LAWRENCE E. KAHN
United States District Judge